IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

| | | |
|---|---|---|
| RON TREDENNICK, <br> Plaintiff, | ) <br> ) <br> ) | |
| vs. | ) <br> ) | No. |
| WRIGHT MEDICAL TECHNOLOGY, INC., a Deleware corporation, <br> Defendant. | ) <br> ) <br> ) <br> ) | 10 L 0-186 |

## SUMMONS

To each defendant: Wright Medical Technology, Inc., C/O Agent for Service: Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, Illinois 62703

YOU ARE SUMMONED AND REQUIRED to file an answer in this case, or otherwise file your appearance in the office of the Clerk of this Court, WILL COUNTY COURTHOUSE, Second Floor, 14 West Jefferson Street, Joliet, Illinois, within thirty (30) days after service of this Summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGEMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

WITNESS    MAR - 3 2010 , 2010

(SEAL OF COURT)

PAMELA J. McGUIRE
_____

(Clerk of the Circuit Court)

LAW OFFICE OF LAIRD M. OZMON, LTD.
54 North Ottawa Street, Suite B-5
Joliet, Illinois 60432
Telephone: 815/727-7700
Attorney I.D. NO. 3125165
Attorney for Plaintiff


EXHIBIT A

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

| | |
|---|---|
| RON TREDENNICK, ) | |
| Plaintiff, ) | |
| v. ) | No. |
| WRIGHT MEDICAL ) | |
| TECHNOLOGY, INC., a Delaware ) | |
| corporation, ) | |
| Defendant. ) | |

## COMPLAINT AT LAW

Plaintiff RON TREDENNICK, by and through his attorneys, LAIRD M. OZMON, LTD., and complaining of Defendant WRIGHT MEDICAL TECHNOLOGY, INC., a Delaware corporation registered to do business in the State of Illinois, states as follows:

### COUNT I
### Strict Liability

1. At all times relevant to this Complaint, Plaintiff RON TREDENNICK was a resident of Kendall County, Illinois.

2. At all times relevant to this Complaint, Defendant WRIGHT MEDICAL TECHNOLOGY, INC. (hereafter "WRIGHT"), was a Delaware corporation registered to do business in the State of Illinois.

3. At all times relevant to this Complaint, Defendant WRIGHT was in the business of designing, manufacturing and selling certain orthopaedic medical devices including a

Initial case management set for
6-21-10 at: 9 am/pm
Will County Court Annex

cementless femoral stem titanium 1.0 plasma spray coated to be sold and distributed in Illinois, including Will County, Illinois.

4. At all times relevant to this Complaint, Defendant WRIGHT designed, manufactured, and sold a certain orthopaedic medical device, namely, a cementless femoral stem titanium 1.0 plasma spray coated reference number PHA00268 lot V01135683 size 5, a Conserve Plus spiked cup shell size 54mm O.D. I.D. 48 mm surface beaded reference number 38SP-4854 and lot 035184138, a neck size reference number PHA01254 lot U11116186 and a Conserve Total fem head with BFH technology 48mm OD -3.6mm neck taper SLT reference number 3801-4804 and lot 035194620 (hereafter "the subject product").

5. On or about June 13, 2005, Plaintiff received a total hip replacement, also known as arthroplasty, at Riverside Medical Center in Kankakee County, Illinois that involved the insertion of the subject product.

6. On or about March 4, 2008, the subject product failed and injured Plaintiff while he was walking in Will County, Illinois.

7. Plaintiff was treated for his injuries following the failure of the subject product at Provena Hospital in Will County, Illinois.

8. The failure of the subject product caused Plaintiff to undergo a second total hip replacement on March 13, 2008 at Loyola University Medical Center in Chicago, Illinois, in order to remove the subject product and replace it.

9. On and after June 13, 2005, the subject product was in a condition that was defective and/or unreasonably dangerous in that it was:

(a) Improperly designed such that it failed with normal use;

(b) Improperly manufactured such that it failed with normal use;

2

(c) Designed in a defective condition such that an unreasonable risk of injury existed when reasonably foreseeable conditions existed which could endanger persons in use of the subject product;

(d) Manufactured in a defective condition such that an unreasonable risk of injury existed when reasonably foreseeable conditions existed which could endanger persons in use of the subject product;

(e) Sold in a defective condition such that an unreasonable risk of injury existed when reasonably foreseeable conditions existed which could endanger persons in use of the subject product;

(f) Designed without adequate strength to prevent injury to the user when used for its intended purpose;

(g) Manufactured without adequate strength to prevent injury to the user when used for its intended purpose;

(h) Sold without adequate strength to prevent injury to the user when used for its intended purpose; and

(i) The subject product was otherwise defective and unreasonably dangerous.

10. As a direct and proximate result of one or more of the foregoing defective and/or unreasonably dangerous conditions of the subject product designed, manufactured, and sold by Defendant WRIGHT, Plaintiff's hip replacement failed and he was caused to undergo a second total hip replacement.

11. As a direct and proximate result of one or more of the foregoing defective and/or unreasonably dangerous conditions of the subject product designed, manufactured, and sold by Defendant WRIGHT, Plaintiff sustained severe and permanent injuries, loss of enjoyment of life, and has endured, and will in the future endure, pain and suffering and lost wages. Plaintiff has also expended, and will in the future expend, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff demands judgment against Defendant, WRIGHT MEDICAL TECHNOLOGY, INC., in a dollar amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) in order to satisfy the jurisdictional limitations of this Court and such additional amounts as the jury and the Court shall deem proper as well as the costs of suit.

## COUNT II
### Negligence

1.-8. Plaintiff adopts and realleges paragraphs 1 through 8 of Count I as paragraphs 1 through 8 of this Count II as if fully set forth herein.

9. On and after June 13, 2005, Defendant WRIGHT was negligent in one or more of the following ways:

(a) Improperly designed the subject product such that it failed with normal use;

(b) Improperly manufactured the subject product such that it failed with normal use;

(c) Designed the subject product in a defective condition such that an unreasonable risk of injury existed when reasonably foreseeable conditions existed which could endanger persons in use of the subject product;

(d) Manufactured the subject product in a defective condition such that an unreasonable risk of injury existed when reasonably foreseeable conditions existed which could endanger persons in use of the subject product;

(e) Sold the subject product in a defective condition such that an unreasonable risk of injury existed when reasonably foreseeable conditions existed which could endanger persons in use of the subject product;

(f) Designed the subject product without adequate strength to prevent injury to the user when used for its intended purpose;

(g) Manufactured the subject product without adequate strength to prevent injury to the user when used for its intended purpose;

(h) Sold the subject product without adequate strength to prevent injury to the user when used for its intended purpose;

(i) Failed to take any steps to remedy the defect of the subject product after becoming aware of its dangerous condition;

(j) Failed to take any steps to warn of the defect of the subject product after becoming aware of its dangerous condition; and

(k) Defendant was otherwise negligent in its design, manufacture, and sale of the subject product.

10. As a direct and proximate result of one or more of the foregoing negligent acts or omissions of Defendant WRIGHT, Plaintiff's hip replacement failed and he was caused to undergo a second total hip replacement.

11. As a direct and proximate result of one or more of the foregoing negligent acts or omissions of Defendant WRIGHT, Plaintiff sustained severe and permanent injuries, loss of enjoyment of life, and has endured, and will in the future endure, pain and suffering and lost wages. Plaintiff has also expended, and will in the future expend, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff demands judgment against Defendant, WRIGHT MEDICAL TECHNOLOGY, INC., in a dollar amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) in order to satisfy the jurisdictional limitations of this Court and such additional amounts as the jury and the Court shall deem proper as well as the costs of suit.

### COUNT III
### Negligence-*Res Ipsa Loquitur*

1.-8. Plaintiff adopts and realleges paragraphs 1 through 8 of Count I as paragraphs 1 through 8 of this Count III as if fully set forth herein.

9. The subject product being an orthopaedic medical device does not usually fail while a recipient is simply walking in the absence of negligence of the manufacturer.

5

10. Defendant WRIGHT MEDICAL was in exclusive control of the subject product when it was manufactured for implantation in the Plaintiff through arthroplasty.

11. The circumstances that the subject product failed while Plaintiff was simply walking indicate that Plaintiff's injury was not due to any voluntary act or neglect by Plaintiff.

12. As a direct and proximate result of one or more of the foregoing negligent acts or omissions of Defendant WRIGHT, Plaintiff's hip replacement failed and he was caused to undergo a second total hip replacement.

13. As a direct and proximate result of one or more of the foregoing negligent acts or omissions of Defendant WRIGHT, Plaintiff sustained severe and permanent injuries, loss of enjoyment of life, and has endured, and will in the future endure, pain and suffering and lost wages. Plaintiff has also expended, and will in the future expend, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff demands judgment against Defendant, WRIGHT MEDICAL TECHNOLOGY, INC., in a dollar amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) in order to satisfy the jurisdictional limitations of this Court and such additional amounts as the jury and the Court shall deem proper as well as the costs of suit.

## COUNT IV
### Breach of Warranty

1.-8. Plaintiff adopts and realleges paragraphs 1 through 8 of Count I as paragraphs 1 through 8 of this Count IV as if fully set forth herein.

9. At all times relevant to this Complaint there existed in Illinois the Uniform Commercial Code, 810 ILCS 5/2-315, providing that there is an implied warranty of fitness for a particular purpose for goods sold and/or used in Illinois.

10. At the time of its sale of the subject product, Defendant WRIGHT knew or had reason to know the particular purpose for which the subject product would be used.

11. At the time of its sale of the subject product, Defendant WRIGHT knew or had reason to know that the buyer was relying on Defendant's skill and judgment to furnish suitable goods.

12. At the time of its sale of the subject product, Defendant WRIGHT knew or had reason to know that the subject product was not fit for the particular purpose for which it was intended in that it was defective and/or unreasonably dangerous.

13. On or about March 4, 2008, the subject product failed during normal use after it was implanted in the Plaintiff on June 13, 2005.

14. As a direct and proximate result of Defendant WRIGHT's breach of warranty, Plaintiff's hip replacement failed and he was caused to undergo a second total hip replacement.

15. As a direct and proximate result of Defendant WRIGHT's breach of warranty, Plaintiff sustained severe and permanent injuries, loss of enjoyment of life, and has endured, and will in the future endure, pain and suffering and lost wages. Plaintiff has also expended, and will in the future expend, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff demands judgment against Defendant, WRIGHT MEDICAL TECHNOLOGY, INC., in a dollar amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) in order to satisfy the jurisdictional limitations of this Court and such additional amounts as the jury and the Court shall deem proper as well as the costs of suit.

Plaintiff demands trial by jury on all counts of this Complaint.

_____
Attorney for Plaintiff

LAIRD M. OZMON, LTD.
54 North Ottawa Street
Suite B-5
Joliet, Illinois 60431
(815) 727-7700
Will County No. 3125165